Chief Justice Marshall
delivered the opinion of the Court.
It seems to this Court that Joseph Mercer the former owner of Ben did not lose his property by hiring Ben to cut 100 cords of wood in the State of Illinois, because the purpose was defined, and the employment limited to an object to be accomplished in a short period, and the absence from-Mercér’s house which was still Ben’s home, though altogether covering two months was generally for about one week only, at a time. The whole transaction shows that Ben was in Illinois as the slave of Joseph Mercer, and not as a free man, or for the purpose of thereby becoming free, or of residing there as his home.
But there is other evidence in the cause tending to show, and which in our opinion authorizes the conclusion, that on other occasions afterwards and for several *211 years, Ben with the knowledge and permission of Joseph Mercer, went to Illinois at pleasure, and remained there for long periods according to his own will, residing there when he pleased, and acting in all respects .while there, as a free man without any control actual ‘or implied on the part of Joseph Mercer while there or in going or coming back, and that Joseph Mercer' had during this state of things and at various times not only declared that he intended that Ben should be free> and should serve no person as a slave after his own death, but that he declared on some occasions that he was then free, and so treated him. And although such declarations and corresponding acts are wholly insufficient under our laws to emancipate a slave without a deed or will, yet they may operate to show the intention with which Ben was permitted to go to and remain in Illinois at his own pleasure, and to ' show that he was permitted to go to a State in which slavery is not tolerated, in order that he might thereby become free, or that lie was permitted to go and remain under such circumstances as made him free. And the circumstances seem at least to prove that he went with the privilege assented to by his owner of staying as long as he should choose, and of making his home in that State if he pleased. The case therefore seems to come within the principle laid down in Collins vs America, (9 B. Monroe, 575, in which it is said : “If America was sent to Ohio as her home, or with the privilege by consent of her master of living there, or of making it her home, é¡'c., she became free by operation of the fundamental law of that State, as scon as she entered its territory.” And it is further intimated that in such case her subsequent voluntary return would not subject her to slavery.
We are of opinion therefore that upon the facts of this case the complainant Ben or Benjamin Mercer was entitled to his freedom.
M. Brown for plaintiff.
Wherefore the decree dismissing his bill is reversed, and the cause remanded with directions to render a decree in conformity with this opinion.